**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FORREST M. RICHARDSON, | No. 10-15974 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02964-FCD-EFB |
| v. | |
| JAMES YATES, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted May 9, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and O'GRADY,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Liam O'Grady, District Judge for the U.S. District Court for Eastern Virginia, Alexandria, sitting by designation.

California state prisoner Forrest M. Richardson[1] ("Richardson") appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

A challenge to a condition of imprisonment, as opposed to a challenge to the fact or duration of imprisonment, is not a cognizable habeas claim. *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Richardson contends that the prison officials' 2007 disciplinary finding for violating prison conduct rules will affect the duration of his imprisonment because it might be viewed disfavorably by the Board of Parole Hearings and decrease his chance of a favorable parole decision. These potential consequences of his misconduct violation are too speculative to establish habeas corpus jurisdiction. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that habeas jurisdiction did not exist for claims seeking relief that would invalidate state procedures used to deny eligibility and suitability for parole); *Ramirez*, 334 F.3d at 859 (stating that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); *cf. Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004) (holding that

---

[1] We grant the Petitioner's motion to take judicial notice of the docket and record in *Forrest M. Richardson v. D.K. Sisto, Warden, et. al.*, No. 2:10-CV-00025-GEB-EFB.

claim regarding frequency of parole review was cognizable in habeas). We therefore conclude that the district court did not err in dismissing Richardson's habeas petition.

Finally, relying on *Heck v. Humphrey*, Richardson argues that before he can properly pursue a 42 U.S.C. § 1983 action, he must first expunge the disciplinary conviction at issue. 512 U.S. 477 (1994). As the State conceded at argument, because Richardson's misconduct conviction did not affect the length of his confinement, he may pursue a § 1983 action without first complying with the rule in *Heck*. *See Ramirez*, 334 F.3d at 858. We agree, and conclude that Richardson is not barred from pursuing his § 1983 action noted above.

**AFFIRMED**